**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

ROBERTO VILLALTA MARTINEZ,

Petitioner,

v.

TODD BLANCHE, *et al*.,

Respondents.

Case No. 2:26-cv-01970-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Roberto Villalta's Amended Petition for Writ of Habeas Corpus (ECF No. 11). Mr. Villalta Martinez argues that his ongoing detention at the hands of Immigration and Customs Enforcement ("ICE") is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Mr. Villalta Martinez a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I.      FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Mr. Villalta Martinez is a member of the Jacobo-Ramirez Class—a fact undisputed by all Parties. Petitioner has set forth sufficient facts indicating Class membership, and Federal Respondents, when ordered to "file a notice which [ ] indicates whether they contend Petitioner is, or is not, a Jacobo-Ramirez Class Member," stated: "[b]ased on the decision by this

Court in Jacobo-Ramirez, and the Order Appointing Counsel in this matter, Petitioner is a Class Member" in both their July 10, 2026, Notice and July 22, 2026, "Return." June 30, 2026, Order 4, ECF No. 4 [hereinafter, "OSC"]; Fed. Resp'ts' Notice Regarding Class Membership 1, ECF No. 10 [hereinafter, "Notice"]; Fed. Resp'ts' Supp. Notice Regarding Class Membership 1, ECF No. 12 [hereinafter, "Opposition"]; see also Am. Pet. for Habeas Corpus 7, ECF No. 9 [hereinafter, "Petition"].

In addition, the Court finds Federal Respondents did not conduct an initial custody determination for Petitioner at the outset of his detention and have not provided him a bond hearing pursuant to 8 U.S.C. § 1226(a) to-date. Petitioner was taken into ICE custody on December 24, 2025—over seven months ago. See Petition at 2. This Court instructed Federal Respondents to produce specific records as to Petitioner, including any Form I-286 Initial Custody Determination, or alternatively, "certify that, after a diligent search, . . . the record(s) are not in their possession, custody, or control." OSC at 4. Regarding any Form I-286, Federal Respondents did the latter. See Notice, Ex. A, ECF No. 8-1. Because the government has produced no evidence of an initial custody determination, the Court concludes it never occurred.

## II.   CONCLUSIONS OF LAW

As a Jacobo-Ramirez Class member, Mr. Villalta Martinez is entitled to enforcement of the declaratory judgment and vacatur afforded to the Class by this Court. Four months ago, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. Because Federal Respondents' only basis for detaining Petitioner is § 1225(b)(2)(A), see generally Opposition, his ongoing detention is unlawful under both the INA and this Court's class-wide declaratory judgment.

For reasons articulated in Perez Chacon v. Mattos, No. 2:26-cv-01061-RFB-EJY, 2026 WL 1960905, at *6–11 (D. Nev. July 7, 2026), which are incorporated by reference herein, the Court finds that Mr. Villalta Martinez must be released from government custody. The government's failure to perform an initial custody determination as to Petitioner at the outset of

his detention (and failure to provide a bond hearing to-date) runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment, for the reasons articulated in this Court's order in Garcia-Maya v. Blanche, 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *3–7 (D. Nev. July 7, 2026), which the Court incorporates by reference as if fully set forth herein. Specifically, as explained in Garcia-Maya, the Court finds Petitioner's detention without the encompassed in the initial custody determination requirement and a proper bond hearing under 8 U.S.C. § 1226(a) violates Petitioner's right to procedural due process.

Therefore, the Court finds Petitioner's detention has been unlawful from the moment it began, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here. See Munaf v. Geren, 553 U.S. 674, 693 (2008).

### III.    CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his own recognizance on **July 30, 2026,** between the hours of **12:00 and 3:00 p.m.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** that Respondents must return Petitioner's personal property—including any personal identification and employment authorization documents—upon

his release.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondents may not re-detain Petitioner during the pendency of his/her current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under 8 U.S.C. § 1226(a) and its implementing regulations. At this hearing, the government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** that the Parties must file a **JOINT STATUS REPORT** by **July 31, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail to comply with this Order.

The Clerk of Court is instructed to enter judgment and close this case accordingly. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** July 29, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -